IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SIDI MOHAMED MENANE,** )<br>　　Plaintiff, )<br> )<br>v. )<br> )<br>**ELIMAN BAH,** )<br>　　Defendant. ) | Civil Action No. 1:24-00399-KD-N |

## ORDER

This action is before the Court on Plaintiff Sidi Mohamed Menane's ("Menane") response, (Doc. 4), to the Court's order to file "a notice describing the action taken by Plaintiff to complete service and the results of those efforts." (Doc. 3). For the reasons below, Menane is **ordered** to file proof of service on or before March 13, 2025.

### I.     Background

On October 25, 2024, Menane filed a complaint against Defendant Eliman Bah ("Bah"). (Doc. 1). Menane is proceeding pro se (i.e., by oneself and without an attorney). Generally, the complaint alleges that Bah's "criminal activities and breach of business commitment" made it necessary to litigate. (Id. at 5). The complaint alleges diversity jurisdiction. (Id. at 3). Menane lists the citizenship of Menane as Mauritania and the citizenship of Bah as Maryland. (Id. at 3). Menane alleges that the amount in controversy is around $184,800.00 (Id. at 4).

On October 28, 2024, the Court issued a service order advising Menane of the procedures for service of process that apply in this District—including S.D. Ala. CivLR 4(a)(3). (Doc. 2).

By December 19, 2024 (more than forty-five days after the complaint was filed), Menane had not indicated that he served or attempted to serve Bah. That day, Court issued an order pursuant

to the Court's Civil Local Rule 4(a)(3) regarding service. The order explained the rule: If a Plaintiff fails to complete service by summons or receive a waiver of service within forty-five days of filing the complaint, the "Plaintiff shall file a notice describing the action taken by Plaintiff to complete service and the results of those efforts." (Doc. 3) (quoting S.D. Ala. CivLR 4(a)(3)). The Court ordered Menane to comply with this rule on or before December 30, 2024. (Doc. 3).

On December 30, 2024, Menane filed a response to the order. (Doc. 4). Menane's response states: "I hereby confirm notice of service of the complaint of the court documents to the defendant via email. Please find attached the email and the document served to the defendant." (Id.). Attached to the filing is a screenshot of what appears to be the sent folder of an email account, the complaint, and the Court's service order. (Doc. 4-1). It appears that accounts titled "eliman" and "eliman101" were emailed twice on November 11. (Id. at 1). The screenshot shows that there was no subject attributed to those emails, but each email had a PDF attachment. The email to "eliman" included File 1 and the email to "eliman101" included File 2. (Id. at 1). File 1 was also sent to the account titled "dfloyd" and File 2 was sent to the account titled dfloyd@clar. (Id.). Menane's attachment to his response does not show the contents of those PDF files, but Menane's response says that the attached documents (the complaint and the Court's service order) were "served to the defendant." (Doc. 4).

**II.   Law**

Defendants can be served in compliance with either the federal rules or the state law in the state where the district court is located or where service is made. See Fed. R. Civ. P. 4(e)(1). Under the federal rules, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States: (A) by delivering a copy of the summons and complaint to the individual personally; (B) by leaving a copy of each

at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) by delivering a copy of each to an authorized agent. Fed. R. Civ. P. 4(e)(2)(A–C). The Alabama Rules of Civil Procedure provide for the same methods of service of process upon an individual as the federal rules. Ala. R. Civ. P. 4(c)(1). In addition, Alabama Rule of Civil Procedure 4(i)(2) permits service of process by certified mail when certain conditions are met. Ala. R. Civ. P. 4(i)(2). The Maryland Rules of Civil Procedure allow service of process of an individual by personal delivery, by leaving a copy at the individual's dwelling with a resident of suitable age and discretion, or by certified mail. Md. Rules 2-121.

The plaintiff has 90 days after filing the complaint to serve process upon the defendant. Fed. R. Civ. P. 4(m). If the plaintiff fails to meet this deadline, the court may either extend the deadline for service or dismiss the suit without prejudice. Id.; see also Horenkamp v. Van Winkle And Co., 402 F.3d 1129, 1132 (11th Cir. 2005) ("Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."). "Unless service is waived, proof of service must be made to the court" and absent service by the U.S. Marshal or a deputy marshal, "proof must be by the server's affidavit." Fed. R. Civ. P. 4(*l*)(1). Under Alabama law, the completion and filing of a return of service constitutes prima facie evidence of that service. Hooie v. Barksdale, 93 So. 3d 942, 945 (Ala. Civ. App. 2012).

### III. Analysis

For proper service, Menane may choose from the three federal methods of service listed in Federal Rule of Civil Procedure Rule 4(e)(2). Menane may also choose from the methods listed in the state where the forum district court is located (Alabama) and the state where service is made (presumably Maryland). The issue for Menane is that neither the federal rules nor the Alabama rules nor the Maryland rules provide for service of process of an individual by email. Thus, Menane

cannot properly serve Bah via email, and Menane has not shown the Court that Bah has been properly served.

The 90-day deadline for Menane to serve Bah has passed. Therefore, the Court may dismiss this action without prejudice. However, the Court has the discretion to extend the time for service of process. Menane is given a 45-day extension for service. Menane is reminded that service must be proper under the federal rules, the Alabama rules, or the rules in the state in which service is made. Moreover, "[u]nless service is waived, proof of service must be made to the court" and absent service by the U.S. Marshal or a deputy marshal, "proof must be by the server's affidavit." Fed. R. Civ. P. 4(*l*)(1).

Accordingly, Menane is **ORDERED** to show proof of service **on or before March 13, 2025**. Menane is advised that failure to comply with this order will result in the dismissal of this action without prejudice.

**DONE** and **ORDERED** this **27th day** of **January 2025.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**